UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Jorge Luis Garcia**                    **Docket No. 5:22-CR-192-1FL**

### Petition for Action on Supervised Release

COMES NOW Jonathan A. Holmes, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Jorge Luis Garcia, who, upon an earlier plea of guilty to Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), was sentenced by the Honorable William L. Osteen, Jr., U.S. District Judge for the Middle District of North Carolina, on November 12, 2009, to the custody of the Bureau of Prisons for a term of 78 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 180 months. Jorge Luis Garcia was released from custody on December 12, 2014, at which time the term of supervised release commenced.

On August 22, 2022, Jurisdiction was transferred to the Eastern District of North Carolina, and the case was reassigned to the Honorable Louise W. Flanagan, U.S. District Judge.

On June 15, 2023, a Violation Report was submitted to the court advising that the defendant submitted to a polygraph examination, on March 21, 2023, and it was revealed that Garcia was in possession of unauthorized devices including a Samsung phone, a Motorola phone, an iPhone, a PlayStation, a Scan Disk SIM card, two USB drives, a computer tower, an iPad, and a Smartwatch. On June 12, 2023, a forensic examination revealed the unauthorized electronic devices had several images and videos of adult pornography. It was respectfully recommended that the defendant be referred for a new psychosexual evaluation to determine if further sex offender treatment was necessary, and the court agreed.

On February 23, 2024, a Violation Report was submitted to the court advising that Garcia submitted to polygraph examinations on June 29, 2023, September 13, 2023, and December 14, 2023. All examinations were found to be deceptive. It was respectfully recommended that supervision be allowed to continue, and the court agreed.

On June 14, 2024, a Violation Report was submitted to the court advising that the defendant submitted to a polygraph examination on June 10, 2024, which was found to be deceptive. It was respectfully recommended that supervision be allowed to continue, and the court agreed.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall participate in an evaluation and a mental health program with emphasis on sex offender treatment, and pay for treatment services, as directed by the probation officer. Treatment may include physiological testing such as the polygraph and penile plethysmograph, and the use of prescribed medications.

3. The defendant shall not possess or use a computer to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any internet service provider, bulletin board system, or any other public or private computer network.

4. If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer(s). This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

5. The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

6. The defendant shall provide personal/business telephone records to the probation officer upon request and consent to the release of certain information from any on-line, phone, or similar account.

7. The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18 (except his children) without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in his condition includes, but is not limited to direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child (person under the age of 18 years of age), not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation officer within 24 hours.

8. The defendant shall not frequent places where children congregate, i.e., parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

9. The defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

10. The defendant shall register with the state sex offender registration agency in each jurisdiction where he resides, is employed, carry on a vocation, or is a student. The defendant will be required to keep his registration current. For initial registration only, the defendant must also register in the jurisdiction where he was convicted, if he does not reside in that jurisdiction.

11. The defendant shall consent to a search of his residence, vehicle, person, and/or property under his control by the probation officer, without a warrant, for the purpose of determining whether he is in possession of any items prohibited by the conditions of supervision. The defendant shall warn other individuals occupying the residence, vehicles, or property that these properties may be searched subject to this condition.

**Jorge Luis Garcia**
**Docket No. 5:22-CR-192-1FL**
**Petition for Action**
**Page 4**
**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

**FURTHER PRAYING THAT THE COURT WILL ORDER** that the conditions of supervision be modified as follows:

1. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

2. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

3. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

4. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, filed, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

**Jorge Luis Garcia**
**Docket No. 5:22-CR-192-1FL**
**Petition for Action**
**Page 5**

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jonathan A. Holmes
Jonathan A. Holmes
Senior U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8699
Executed On: June 16, 2026

## ORDER OF THE COURT

Considered and ordered this ____13th____ day of _____July_____, 2026, and ordered filed and made a part of the records in the above case.

_____
Louise W. Flanagan
U.S. District Judge